```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT
```

|                                |   |                          |
|--------------------------------|---|--------------------------|
| INTERMED, INC.                 | : |                          |
|                                | : |                          |
| v.                             | : | CIV. NO. 3:09CV762 (JCH) |
|                                | : |                          |
| ALPHAMEDICA, INC.              | : |                          |
| and RXPERIENCE, LLC            | : |                          |
|                                | : |                          |

### RULING ON PLAINTIFF'S MOTION TO COMPEL

Intermed, Inc. brings this action against defendants Alphamedica, Inc. and Rxperience, LLC, alleging that it suffered damages as a result of the defendants' failure to honor a confidentiality agreement and contract that provided for Intermed to be the exclusive publisher of defendants' healthcare educational programs incorporating latent image printing technology.

Intermed moves for an order compelling defendants to produce all documents responsive to Intermed's February 8, 2010 discovery demands, including all responsive documents from January 1, 1998 to present, and documents relevant to plaintiff's theories of agency and alter ego. Oral argument was held on May 20, 2010.

<u>Interrogatories Nos. 4 & 7 and Requests for Production Nos. 16 & 17</u>: Defendants agreed prior to oral argument to provide answers and documents responsive to these interrogatories and requests for production. Prior to the filing of plaintiff's motion to compel, defendants withdrew their objections to Request

No. 18 based upon duplication of Request No. 17 and agreed to produce responsive, non-privileged documents in their possession . . . " dated from May 11, 2003 to October 8, 2008. Defs. May 17 Let. at 2. Defendants will complete production within fourteen (14) days of the filing of this order. D. Conn. L. Civ. R. 37(d).

Continuing Course of Conduct

Plaintiff seeks responsive documents from January 1, 1998 to present. Defendants seek to limit the period covered by production to May 11, 2003 (six years prior to the date plaintiff filed the original complaint in this action) to October 8, 2008 (the date on which the alleged Latent Image Publications Agreement between plaintiff and AlphaMedica expired on its face).[1] Plaintiff asserts that the continuing course of conduct doctrine applies, preserving Intermed's ability to seek damages arising from any breach during the contractual period that ran from 1998 to 2008. [Doc. #46 at 5]. Plaintiff contends that, "defendants ignore Intermed's theories of liability and damage, which requires a broader scope of discovery than defendants will allow." Id. at 6. However, plaintiff's reliance on Witt v. St. Vincent's Medical Center, 252 Conn 363, 369 (2000) (action for medical malpractice), is misplaced. Witt involved a tolling of a statute of limitations in a tort action under the continuing course of conduct doctrine. Defendants correctly argue that the continuing course of conduct doctrine is "inapplicable to

---

[1]Defendants base this limitation on the six-year statute of limitation covering plaintiff's breach of contract claim, as measured from the date plaintiff's filed suit.

2

plaintiff's contract based claims as a matter of law." [Doc. #55 at 5-6 (citing Argus Research Group, Inc. v. Argus Media, Inc., 562 F. Supp. 2d 260, 281 (D. Conn. 2008)]. The Court stated in OBG Technical Services, Inc. v. Northrop Grumman Space & Mission Systems Corp., 503 F. Supp. 2d 490 (D. Conn. 2007),

> there must be evidence of the breach of a duty that remained in existence after commission of the original wrong related thereto. That duty must not have terminated prior to commencement of the period allowed for bringing an action for such a wrong . . . . Where we have upheld a finding that a duty continued to exist after the cessation of the act or omission relied upon, there has been evidence of either a special relationship between the parties giving rise to such a continuing duty or some later wrongful conduct of a defendant related to the prior act.

Id. at 510 (quoting Neuhaus v. DeCholnoky, 280 Conn. 190, 201 (2006)) (emphasis omitted). Defendants argue that plaintiff has not alleged any special relationship between the parties nor has plaintiff shown that the contractual relationship between the parties reflected in the Agreement creates a special relationship under Connecticut law. The Court agrees. See, e.g., Thompson v. Prudential Ins. Co. of Am., No. CV990065632S, 2003 WL 21151630, at *1 n. 3 (Conn. Super. Ct. May 6, 2003) ("[T]he plaintiff has failed to satisfy [the special relationship] requirement of the doctrine because a 'contractual relationship' does not give rise to an ongoing legal duty and our Supreme Court has so held.") (citing Fichera v. Mine Hill Corporation, 207 Conn. 204, 210 (1988)); Partitions, Inc. v. Blumberg Assocs., Inc., No.

CV980576664S, 2001 WL 1332174, at *5 (Conn. Super. Ct. Oct. 9, 2001) ("[T]he contractual relationship was not a 'special relationship' for the purpose of the continuing course of conduct doctrine: generally these relationships have been attorney-client, physician-patient, or some related sort of fiduciary-type relationship in which one party reasonably reposes trust in the other to exercise continuing care on his behalf."). Plaintiff did not claim any special relationship with the defendants that would create a continuing duty other than one based on the promises contained in the contract. Finally, plaintiff cites no cases holding that a mere contractual relationship between two sophisticated commercial entities constitutes a "special relationship" that would allow for the application of the continuing course of conduct doctrine.

Request for Production Nos. 23 & 24: Defendants agree to provide responsive documents for these requests for production. See Doc. #55 at 7. Defendants will complete production within fourteen (14) days of the filing of this order. D. Conn. L. Civ. R. 37(d).

Request for Production Nos. 15 & 22: The Court agrees with defendants that these requests for production are too broadly worded. Defendants will provide documents responsive to these requests for production that are relevant to the claims set forth in plaintiff's Amended Complaint.[2] Defendants will complete

---

[2] "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

4

production within fourteen (14) days of the filing of this order. D. Conn. L. Civ. R. 37(d).

Request for Production No. 25: Plaintiff requests a "list of all employees from January 1, 1998 to the present, including dates of employment." Plaintiff states that Alphamedica employs approximately 60 to 100 employees and Rxperience employs approximately 15 to 20 employees and that the number of employees varied over time. Defendants have failed to make a showing that compliance with this request would be "unduly burdensome," relying on a boilerplate objection. Accordingly, defendants will provide a "list of all employees from May 11, 2003 to October 8, 2008, including dates of employment," within fourteen (14) days of the filing of this order. D. Conn. L. Civ. R. 37(d).

CONCLUSION

For the foregoing reasons, plaintiff's Motion to Compel **[Doc. #46]** is **DENIED** in part and **GRANTED** in part. Plaintiff's request for attorney's fees and costs is **DENIED**.

Compliance with discovery ordered by the Court shall be made within fourteen (14) days of the filing of this order. D. Conn. L. Civ. R. 37(d).

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of

the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

Entered at Bridgeport this 16th day of August 2010.


____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE